IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES R. SMITH, JR.,

      Plaintiff,                                 CV F 04 5231 OWW WMW P

     vs.                                        FINDINGS AND RECOMMENDATION

A. K. SCRIBNER, et al.,

      Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the June 28, 2004, first amended complaint.  Plaintiff is an inmate in the custody of the California Department of Corrections at Kern Valley State Prison. Plaintiff brings this lawsuit against defendant correctional officials employed by the Department

1

of Corrections at Corcoran State Prison. Plaintiff claims that he is being denied meaningful access to the courts. The allegations follow.

On May 7, 2003, Plaintiff's petition for writ of habeas corpus was denied by the U.S. District Court for the Southern District of California. Plaintiff filed an application for a certificate of appealability in the U.S. Court of Appeals for the Ninth Circuit. The application was denied, and Plaintiff filed a motion for reconsideration, which was denied. Plaintiff filed a petition for writ of certiorari in the U.S. Supreme Court.

During this process, Plaintiff had constraints imposed on his access to the law library. Plaintiff specifically alleges that he was not provided at least two hours of law library time five days a week, with additional times preceding filing deadlines.

In the order dismissing the first amended complaint with leave to amend, the court noted that Plaintiff had failed to allege facts that indicated that he suffered actual injury within the meaning of Casey v. Lewis, 518 U.S.343 (1996). The court found the allegations in the first amended to be vague and conclusory, and dismissed the first amended complaint with leave to amend.

In the second amended complaint, Plaintiff restates, in greater detail, the facts of the first amended complaint. Plaintiff also provides factual allegations regarding his efforts to pursue his claim through the prison grievance process. Plaintiff alleges that he completed the prison grievance process. . In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2). Specifically, Plaintiff states that his institutional appeal (CDC Form 602) was denied at the Director's Level on April 22, 2004. Plaintiff concedes that he exhausted his administrative remedies on April 22, 2004. This action was initiated by civil complaint filed on February 4, 2004.

On April 26, 1996, The Prison Litigation Reform Act was enacted. Section 7 of the Act

1  amended 42 U.S.C. 1997e(a) to read as follows:

2        (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be
3  brought with respect to prison conditions under section 1979 of the Revised
   Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a
   prisoner confined in any jail, prison, or other correctional facility until such
4  administrative remedies as are available are exhausted.

5       The Court of Appeals has held that District Courts are required under Prison Litigation
6  Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust
7  administrative remedies prior to filing suit but was in process of doing so when motion to
8  dismiss was filed.  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  It is clear from Plaintiff's
9  allegations that this action was filed while Plaintiff was in the process of exhausting his available
10 administrative remedies.  This action should therefore be dismissed without prejudice for
11 Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

12      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
13 prejudice for Plaintiff's failure to exhaust his available administrative remedies prior to filing
14 suit.

15      These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
17 twenty days after being served with these findings and recommendations, plaintiff may file
18 written objections with the court.  Such a document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
20 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
21 F.2d 1153 (9th Cir. 1991).

22      IT IS SO ORDERED.

23 **Dated:   August 9, 2006**          **/s/  William M. Wunderlich**
   mmkd34                    UNITED STATES MAGISTRATE JUDGE