IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. SMITH, JR., | )  No. CV-F-04-5231 OWW/WMW P |
| | ) |
| | )  ORDER GRANTING DEEMED MOTION |
| | )  FOR RECONSIDERATION (Doc. |
| Plaintiff, | )  22), VACATING ORDER |
| | )  DISMISSING ACTION AND |
| vs. | )  JUDGMENT (Docs. 19-20), |
| | )  DISMISSING ACTION AND |
| | )  DIRECTING CLERK OF COURT TO |
| A.K. SCRIBNER, et al., | )  ENTER JUDGMENT FOR |
| | )  DEFENDANTS |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

On October 19, 2006, Plaintiff, a state prisoner proceeding *in pro per*, filed a pleading captioned "Letter of Request to District Court Judge /s/ William M. Wunderlich".  (Doc. 22). Despite the caption, this pleading is addressed to the assigned district judge and seeks reconsideration of the Order filed on September 19, 2006 (Doc. 19), adopting the recommendation of the Magistrate Judge and dismissing this action.

Plaintiff's "Letter of Request" is deemed to be a motion for reconsideration of the September 19, 2006 Order.

1

1    Plaintiff seeks reconsideration of the September 19, 2006

2  Order on the ground that the Order states that plaintiff did not

3  file objections to the Magistrate Judge's recommendation.

4    The Magistrate Judge's recommendation ordered that

5  objections be filed within twenty days after being served with

6  the recommendation.  The docket establishes that Plaintiff was

7  served by mail on August 9, 2006.  Plaintiff's objections were

8  delivered to the prison authority for mailing on August 31, 2006.

9  Allowing three days for service of the recommendation and giving

10  effect to the "mailbox rule", *see Houston v. Lack*, 487 U.S. 266

11  (1988), Plaintiff's objections to the recommendation were timely

12  filed.

13    Therefore, the motion for reconsideration is GRANTED to the

14  extent that the September 19, 2006 Order incorrectly states that

15  Plaintiff did not file objections to the recommendation.

16    Because Plaintiff timely filed objections to the

17  recommendation, the September 19, 2006 Order dismissing the

18  action is VACATED in order that Plaintiff's objections to the

19  recommendation be reviewed.

20    Based on this review, it is clear that Plaintiff commenced

21  this action before he exhausted his administrative remedies as

22  required by 42 U.S.C. § 1997e(a).  This action was commenced on

23  February 4, 2004.  The Second Amended Complaint alleges that

24  defendants "failure to correct current and past institutional

25  practices along with current and past institutional operating

26  procedures caus[ed] Plaintiff to suffer an inability to make his

January 26, 2004 court deadline to file his Petition for Writ of Certiorari in the U.S. Supreme Court challenging the decisions of the U.S. District Court for the Southern District of California and the 9th Circuit U.S. Court of Appeals denying Plaintiff's Petition for Writ of Habeas Corpus and Application for Certificate of Appealability ...."   The Second Amended Complaint further alleges that Plaintiff's "institutional appeal/grievance" "was denied at the Director's level on April 22, 2004."

The exhaustion requirement set forth in Section 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Section 1997e(a) requires exhaustion before the filing of a complaint and a prisoner does not comply with this requirement by exhausting available remedies during the course of litigation. *McKinney v. Carey*, 311 F.3d 1198 (9th Cir.2002).

In his objections, Plaintiff argues that he should not be required to exhaust administrative remedies prior to commencing this action because such exhaustion would have been futile. Plaintiff contends that he filed an appeal to the Director's level on January 16, 2004, that the appeals coordinator "exploited the exhaustion requirement by repeatedly refusing to processing [sic] Plaintiff's institutional appeal as an emergency appeal, even though Plaintiff clearly labeled the appeal as an 'EMERGENCY 602!'", and that prison officials lost Plaintiff's

1  original 602 causing a 52 day delay in the appeal process.

2  Plaintiff contends that he "clearly met" the requirements in 15

3  California Code of Regulations § 3084.7(a)(1)(2) "as the

4  circumstances of [Plaintiff's] institutional appeal process were

5  such that the regular appeal time limits resulted in a direct

6  threat to [Plaintiff's] mental health, and caused Plaintiff to

7  suffer serious and irreparable harm to his right to a fair

8  opportunity to prepare, serve and file his Petition for Writ of

9  Certiorari".

10      Plaintiff's objections to the recommendation are without

11  merit.  The Second Amended Complaint sets forth allegations that

12  Plaintiff was prevented from accessing the prison law library for

13  a sufficient duration to prepare a Petition for Writ of

14  Certiorari to the Supreme Court, causing Plaintiff to file two

15  requests for extension with the Supreme Court.  Although the

16  first request for extension was granted on January 6, 2004,

17  extending the time to January 26, 2004, the second request for

18  extension was denied by the Supreme Court on February 9, 2004.

19  The allegations in the Second Amended Complaint concerning

20  exhaustion of administrative remedies pertain to Plaintiff's

21  grievance filed in connection with Plaintiff's alleged attempts

22  to obtain law library access to meet the extended deadline on

23  January 26, 2004 imposed by the Supreme Court.  As noted, the

24  Second Amended Complaint alleges that this grievance was denied

25  on April 22, 2004, after this action was commenced.  Plaintiff's

26  alleged injury had already occurred when he commenced this action

1   and all Plaintiff had to do was wait for the denial of his

2   grievance before commencing this action.  Although Section

3   1997e(a) does not impose a pleading requirement, but rather, is

4   an affirmative defense which defendants have the burden of

5   raising and proving, *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th

6   Cir.2003), when it appears from the face of the pleading that

7   administrative remedies have not been exhausted, dismissal during

8   the screening process is appropriate.

9        In his objections, Plaintiff further contends that this

10  action proceeds from the Second Amended Complaint filed on June

11  28, 2004 and that, therefore, this action was commenced after he

12  exhausted administrative remedies.  In so arguing, Plaintiff

13  relies on the Order re Motion filed on March 19, 2004 (Doc. 8),

14  which states in pertinent part:

15            Plaintiff is informed that the court cannot
             refer to a prior pleading in order to make
16            plaintiff's amended complaint complete.
             Local Rule 15-220 requires that an amended
17            complaint be complete in itself without
             reference to any prior pleading.  This is
18            because, as a general rule, an amended
             complaint supersedes the original complaint.
19            See Loux v. Rhay, 375 F.2d 55, 57 (9th
             Cir.1967).  Once plaintiff files an amended
20            complaint, the original pleading no longer
             serves any function in the case.  Therefore,
21            in an amended complaint, as in an original
             complaint, each claim and the involvement of
22            each defendant must be sufficiently alleged.

23  Plaintiff's reliance on this Order is misplaced.  The law is

24  clear that administrative remedies must be exhausted before the

25  *action* is commenced.  Plaintiff commenced this action by filing

26  the Complaint on February 4, 2004, before he exhausted

1    administrative remedies.[1]

2        ACCORDINGLY:

3        1.  Plaintiff's "Letter of Request" is deemed to be a motion

4    for reconsideration;

5        2.  Plaintiff's deemed motion for reconsideration is

6    GRANTED;

7        3.  The Order dismissing this action filed on September 18,

8    2006 (Doc. 19) and the Clerk's Judgment entered on September 18,

9    2006 (Doc. 20) are VACATED;

10       4.  Plaintiff's action is DISMISSED for failure to exhaust

11   administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to

12   commencing this action;

13       5.  The Clerk of the Court is directed to enter Judgment for

14   defendants.

15   IT IS SO ORDERED.

16   **Dated:    March 8, 2007**              **/s/ Oliver W. Wanger**
     668554                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

_____

22       [1]Plaintiff's objections also note that estoppel requires a
     party to show a misrepresentation by an opposing party, reasonable
23   reliance on that misrepresentation, and detriment.  Plaintiff
     refers to exhibits attached to his objections as "clearly
24   demonstrat[ing] the history of Plaintiff's honest diligent efforts
     in his continuing quest for justice."  Plaintiff's objections are
25   misplaced.  The Second Amended Complaint establishes that Plaintiff
     did not exhaust administrative remedies prior to commencing this
26   action.  As noted above, presuit exhaustion is mandatory.

                                    6